UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS J BROWN,

    Petitioner,

v

                                            Case No. 05-CV-74047-DT
                                            HONORABLE GERALD E. ROSEN
                                            UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Douglas J. Brown, ("petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; and felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the petition for a writ of habeas corpus is **DENIED.**

### I. Background

Petitioner entered a *nolo contendere* plea to the offenses of second-degree murder and felony-firearm. In exchange for his plea, the prosecutor agreed to dismiss the original first-degree murder charge against petitioner. The prosecutor further agreed to a conditional plea which would allow petitioner to preserve the right to appeal the claim that his confession should have been suppressed because the police lacked probable cause to justify his arrest. (Plea T., pp. 5-7, 9-10). The trial court advised petitioner of the rights that he would be giving up by pleading *nolo contendere.* (*Id.* at pp. 10-12). In response to a question from the trial court, petitioner indicated that he

1

had not been promised anything beyond the plea agreement to induce him to enter his plea. (*Id.* at p. 12).

Petitioner was sentenced to twenty to forty years imprisonment for the second-degree murder conviction to be served consecutive to two years imprisonment for the felony firearm conviction.

Petitioner's conviction was affirmed on appeal. *People v. Brown,* No. 243994 (Mich.Ct.App. April 22, 2004); *lv. den.* 471 Mich. 939, 690 N.W.2d 99 (2004).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
>
> II. Conviction obtained by a violation of the privilege against self incrimination.
>
> III. Trial court's denial to suppress statement that was given during pre-arraignment custody.
>
> IV. Sentencing judge failed to comply with sentencing agreement from *Cobbs* agreement.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claims # 1 and # 3. Petitioner's Fourth Amendment claims are non-cognizable on habeas review.**

In his first claim, petitioner contends that the police obtained his statement from him pursuant to an unlawful arrest. In his third claim, petitioner contends that the trial court erred in refusing to suppress his statement, because the police lacked probable cause to arrest him and failed to arraign him promptly.

Petitioner's Fourth Amendment challenges to the admission of his statement to the police are non-cognizable on federal habeas review. A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in

3

the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003).

Therefore, on federal habeas review, a federal court cannot re-examine a petitioner's Fourth Amendment claim that post-arrest statements should have been suppressed as "poisonous fruit" of his illegal arrest, where the state provided an opportunity for full and fair litigation of the habeas petitioner's Fourth Amendment claim prior to trial. *See, Cardwell v. Taylor*, 461 U.S. 571, 572-73, 103 S.Ct. 2015, 2016 (1983); *see also, Jones v. Johnson*, 171 F.3d 270, 277-78 (5th Cir. 1999); *Pierson v. O'Leary*, 959 F.2d 1385, 1391-92 (7th Cir. 1992); *Walendzinski v. Renico,* 354 F. Supp. 2d 752, 759 (E.D. Mich. 2005). Petitioner is therefore unable to raise a Fourth Amendment claim that his confession was the product of an illegal arrest when he raised the factual basis for this claim in the state trial and appellate courts, and the state courts thoroughly analyzed the facts and applied the proper constitutional law in rejecting his claim. *Id.* To the extent that petitioner's delay in arraignment claim is brought as a Fourth Amendment challenge, it is likewise barred from review under the *Stone v. Powell* doctrine. *See Ahlswede v. Wolff*, 720 F. 2d 1108, 1110 (9th Cir. 1983).

### B. Claim # 2. Petitioner's Fifth Amendment claim is waived by his *nolo contendere* plea.

In his second claim, Petitioner contends that his conviction was obtained by a

violation of his Fifth Amendment privilege against self-incrimination.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A *nolo contendere* plea also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed,* 688 F. 2d 24, 25 (6th Cir. 1982); *See also Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 747 (E.D. Mich. 2005).

In the present case, petitioner's conditional plea did not preserve any Fifth Amendment challenges because the only issue that the parties agreed to preserve for appeal was petitioner's claim that his statement should have been suppressed because he was arrested without probable cause. A conditional guilty plea requires the agreement of the defendant, the prosecution, and the court. *People v. Andrews,* 192 Mich. App. 706, 707; 481 N. W. 2d 831 (1992). Petitioner's *nolo contendere* plea waived appellate review of any Fifth Amendment claims, because his plea was conditioned on only his right to challenge whether his statement should have been suppressed as the result of an unlawful arrest. *See People v. Wynn,* 197 Mich. App. 509, 510; 496 N.W. 2d 799 (1992).

Petitioner's Fifth Amendment challenges involve non-jurisdictional issues which would be waived by his *nolo contendere* plea. *See e.g. Reed v. Henderson,* 385 F. 2d 995, 996 (6th Cir. 1967)(an alleged *Miranda* violation is not a jurisdictional issue and is waived by a guilty plea); *Williams v. Anderson,* 498 F. Supp. 151, 152 (E.D. Mich. 1980)(entry of guilty plea precluded collateral habeas corpus attack on alleged coerced confession). Petitioner is therefore not entitled to habeas relief on his second claim.

**D. Claim # 4. Petitioner has failed to show the breach of his plea**

**agreement.**

In his fourth claim, petitioner contends that the sentencing judge failed to comply with a *Cobbs* or sentencing agreement, which he claims called for petitioner to receive no more than fifteen years in prison. [1]

Petitioner did not raise this issue in his appeal with the Michigan Court of Appeals, raising it only for the first time in his application for leave to appeal with the Michigan Supreme Court. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present this claim in his appeal with the Michigan Court of Appeals, his subsequent presentation of this claim to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, fn. 5 (E.D. Mich. 2001). The Court declines, however, to dismiss the petition on the ground that it contains unexhausted claims. A habeas petitioner's failure to exhaust his or her state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002). [2]

---

[1] *People v. Cobbs,* 443 Mich. 276; 505 N.W. 2d 208 (1993).

[2] The Court further notes that respondent failed to address this issue in her answer, even though she was clearly aware of petitioner's fourth claim (*See* Answer, p. 2). Petitioner, however, is not entitled to habeas relief because of respondent's failure to effectively respond to this issue, because to do so "would be tantamount" to granting a default judgment to petitioner in this case, which is a form of relief unavailable in habeas proceedings. *Alder v. Burt,* 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003)(citing to *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970)); *See also Gordon v. Duran,* 895 F. 2d 610, 612 (9th Cir. 1990)(failure of state to respond to five of eight claims raised in habeas petition did not entitle habeas

In order for a plea of guilty or no contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no contest. *See Hoffman v. Jones,* 159 F. Supp. 2d 648, 655-56 (E.D. Mich. 2001). Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid. *See Myers v. Straub,* 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001).

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or

---

petitioner to default judgment on those claims). While respondent's failure to address this issue demonstrates a lack of respect for the Court, as well as a lack of regard for the gravity of the matters raised in this case, *See Carpenter v. Vaughn,* 888 F. Supp. 635, 648 (M.D. Pa. 1994), it would not provide petitioner a basis for habeas relief.

7

his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. *Myers,* 159 F. Supp. 2d at 627 (internal citation omitted). However, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Id.*

In reviewing the plea transcript, the Court finds that this alleged sentencing agreement was not part of the record. Absent extraordinary circumstances, or some other explanation as to why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial court scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F. 2d 85, 90 (6th Cir. 1986); *Hastings v. Yukins,* 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002). Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Baker,* 781 F. 2d at 90. Finally, plea agreements are to be strictly construed. *See United States v. Brummett,* 786 F. 2d 720, 723 (6th Cir. 1986).

In the present case, the only agreement made by the prosecutor was that the original first-degree murder charge would be dismissed and that petitioner would be permitted to enter a conditional plea so as to preserve for appellate review the issue

8

surrounding the legality of his arrest. A "clear reading" of the plea agreement shows that there was no promise by the prosecutor or the trial court that petitioner would receive a sentence of fifteen years. Petitioner has therefore failed to show that the original terms of the plea agreement were breached by the prosecutor. *Myers,* 159 F. Supp. 2d at 628. Moreover, petitioner would not be entitled to relief on his claim, where petitioner expressly denied the existence of other representations or promises at the time of his plea, when queried by the trial court. *Shanks,* 387 F. Supp. 2d at 751; *Hastings,* 194 F. Supp. 2d at 670. Because it is clear from the record that no promises were made that have not been kept, or that the plea bargain was breached, petitioner is not entitled to habeas corpus relief. *Williams,* 498 F. Supp. at 152.

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United*

*States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: March 29, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager